**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JESUS GUTIERREZ-RIOS, | :: | MOTION TO VACATE |
| Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:17-CR-0264-TWT-RGV-2 |
| UNITED STATES OF AMERICA, | :: | |
| Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-3705-TWT-RGV |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Jesus Gutierrez-Rios' pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 61], as supplemented, [Doc. 63]; the government's response, [Doc. 70]; and Gutierrez-Rios' reply, [Doc. 72], and motion for reconsideration, [Doc. 76]. Because it is unclear what relief Gutierrez-Rios seeks in his motion for reconsideration and because he filed it while represented by appointed counsel, his motion for reconsideration, [Doc. 76] is **DENIED**. Following a January 10, 2019, evidentiary hearing, [Doc. 77], and having considered the motion and Gutierrez-Rios' testimony, it is **RECOMMENDED** that Gutierrez-Rios' § 2255 motion be denied.

## I.  PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a three-count indictment against Gutierrez-Rios and two co-defendants, charging Gutierrez-Rios in Count One with conspiracy to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and in Count Three with possession with the intent to distribute at least five kilograms of cocaine, in violation of §§ 841(a)(1), 841(b)(1)(A)(ii) and 18 U.S.C. § 2.  [Doc. 4]. Represented by retained counsel Mark B. Jackson ("Jackson"), Gutierrez-Rios entered a negotiated guilty plea to Count One.  [Doc. 41].  The government agreed to dismiss the remaining count and to recommend that Gutierrez-Rios receive a sentence reduction for acceptance of responsibility.  [Doc. 41-1 ¶¶ 11, 15].  At the plea hearing, Gutierrez-Rios was placed under oath and confirmed his understanding that he faced a mandatory minimum sentence of ten years of imprisonment.  [Doc. 67 at 3, 14-15]. On April 24, 2018, the Court imposed the mandatory minimum sentence.  [Doc. 55]. Gutierrez-Rios did not file a direct appeal.

Gutierrez-Rios timely filed this pro se § 2255 motion.  [Doc. 61].  In his motion, as supplemented, Gutierrez-Rios argued that Jackson provided him ineffective assistance by failing to (1) file a notice of appeal as requested, (2) argue for a minor

2

role reduction, (3) request a safety valve reduction, (4) challenge the criminal history calculation in the presentence investigation report ("PSR"), (5) challenge the sentence "based on the unwarranted disparities between other defendants of similar records found guilty of similar offenses," and (6) address the government's failure to recommend a reduction for acceptance of responsibility as mandated by the plea agreement. [Id. at 3-4, 6, 14-15, 17-20; Doc. 63]. The government responded that a limited evidentiary hearing was necessary to resolve ground one, but that Gutierrez-Rios' remaining grounds for relief lacked merit. [Doc. 70 at 3, 8-13]. Gutierrez-Rios replied, reasserting the merits of grounds two through five. [Doc. 72]. The undersigned appointed counsel to represent Gutierrez-Rios, [Doc. 71], and conducted an evidentiary hearing to address ground one only, [Doc. 77]. However, at the evidentiary hearing, Gutierrez-Rios withdrew ground one when he testified that he did not ask his attorney to file a direct appeal, leaving only grounds two through six.

## II. DISCUSSION

### A.  <u>Legal Standards</u>

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

3

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).  "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  The analysis is two-pronged.  However, a court need not address both prongs "if the defendant makes an insufficient showing on one."  Id. at 697.  A defendant asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  Id. at 690.  Second, a defendant must demonstrate that counsel's unreasonable acts or omissions prejudiced him.  In order to demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

**B.    Failure to Challenge Criminal History Calculation**

In ground four, Gutierrez-Rios asserts that Jackson provided him ineffective assistance by failing to challenge the criminal history calculation in the PSR.  [Doc. 63 at 1].  The Court calculated Gutierrez-Rios' criminal history category as II based

4

on his two prior convictions for illegal entry: the first on May 10, 2013, and the second on September 11, 2014. [PSR ¶¶ 37-40; Doc. 68 at 3-4]. Gutierrez-Rios argues that he should not have received a criminal history point based on his 2013 conviction for illegal reentry because he "was sentenced to a term of only two days in custody" for that conviction. [Doc. 72 at 2].  In support of this argument, Gutierrez-Rios cites U.S.S.G. § 4A1.2(c), which provides that certain "misdemeanor and petty offenses" listed in that guideline are counted only if the sentence "was a term of probation of more than one year or a term of imprisonment of at least thirty days." [Id.].  However, Gutierrez-Rios' reliance on this sentencing guideline is misplaced because illegal reentry is not one of the "misdemeanor and petty offenses" listed as exceptions in the guideline, nor is it a similar offense to those listed.  See U.S.S.G. § 4A1.2(c)(1). Accordingly, Gutierrez-Rios has not shown deficient performance or prejudice as to ground four because "the argument that [he] claims his counsel should have made is meritless, and counsel could not have been deficient for failing to make it." United States v. Cisneros, No. 1:09-CR-514-TWT, 2014 WL 5822684, at *5 (N.D. Ga. Nov. 10, 2014), adopted at *1 (citing Frederick v. Dep't of Corr., 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam)).

**C.      Failure to Present Other Sentencing Issues or Objections**

5

In grounds two, three, five, and six, Gutierrez-Rios argues that Jackson should have argued for a minor role reduction, requested a safety valve reduction, challenged the sentence "based on the unwarranted disparities between other defendants of similar records found guilty of similar offenses," and addressed the government's failure to recommend a reduction for acceptance of responsibility as mandated by the plea agreement. [Doc. 61 at 6, 18-20; Doc. 63 at 1-2]. Gutierrez-Rios is incorrect as to this final point because the government recommended a three-level reduction for acceptance of responsibility, and the Court included the adjustment in its calculation of Gutierrez-Rios' offense level. [PSR ¶ 31; Doc. 68 at 3]. Because Gutierrez-Rios had more than one criminal history point, he did not qualify for a safety valve reduction, see 18 U.S.C. § 3553(f)(1), and he received the lowest possible sentence, i.e., the mandatory minimum of ten years of imprisonment under 21 U.S.C. § 841(b)(1)(A). [PSR at 15; Doc. 68 at 5-6, 8-9]. Because he could not have received a lower sentence had counsel performed differently, Gutierrez-Rios does not show prejudice, and grounds two, three, five, and six fail. See Webman v. United States, No. 1:13-CR-0025-SCJ-JFK-1, 2017 WL 4385326, at *8 (N.D. Ga. Oct. 2, 2017) ("[H]ad counsel argued that Movant should receive a lower sentence[,] . . . there is no reasonable probability that it would have changed the sentencing outcome."); Flores

v. United States, No. 1:06-CR-0496-1-RWS, 2009 WL 2923843, at *3 (N.D. Ga. Sept. 8, 2009) ("Because Movant received the mandatory minimum sentences, counsel was not ineffective for failing to raise [issue of seeking lower sentence due to harsh pre-trial conditions] during sentencing.").

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Based on the foregoing discussion of Gutierrez-Rios' grounds for relief, the resolution of the issues

7

presented is not debatable by jurists of reason, and the undersigned recommends that

he be denied a COA.

## IV. CONCLUSION

For the foregoing reasons, Gutierrez-Rios' motion for reconsideration, [Doc.

76], is **DENIED**, and **IT IS HEREBY RECOMMENDED** that Gutierrez-Rios'

§ 2255 motion, [Doc. 61], as supplemented, [Doc. 63], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the

Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 7th day of February, 2019.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)